IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AURORA OPERATING, LLC | § | CASE NO. 16-30218 |
| | § | |
| TAX ID. NO. 47-3491188 | § | |
| Debtor | § | |

---

**\*\*EXPEDITED CONSIDERATION OF MOTION REQUESTED\*\***

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. UNLESS YOU DID NOT RECEIVE THIS NOTICE IN TIME TO DO SO. IN THAT SITUATION, FILE YOUR RESPONSE AS SOON AS POSSIBLE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR COUNSEL.**

---

**EXPEDITED MOTION TO DISMISS CHAPTER 11 CASE
PURSUANT TO 11 USC § 1112**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

     **COMES NOW, AURORA OPERATING, LLC**, (collectively, "Aurora" or, the "Debtor") the Debtor and Debtor-in-Possession in the above-captioned case, files this Expedited Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b) and in support thereof would respectfully show unto the Court the following, to wit:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On January 11th, 2016 (the Petition Date"), the Debtor filed Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (as amended, the "Bankruptcy Code"). The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. No creditors' committee has been appointed in this case by the United States Trustee. Further, no trustee or examiner has been requested or appointed in any of the Debtor's Chapter 11 case.

3. On May 10th, 2016, the Debtor filed a Disclosure Statement and Plan of Reorganization [Doc. No. 55]

4. The Debtor's Second Amended Disclosure Statement was approved by the Court on August 3, 2016. The confirmation hearing for this case is set for September 12, 2016 [Docket No. 79] .

5. The Debtor is a contract operator which operates a single well located in Throckmorton, County, Texas (the "Swenson No.1 Well"). The Debtor's pending plan of reorganization provided that the revenue stream from the Swenson No.1 Well would be used to pay its creditors in full over a 36 month period. The plan relied upon the successful completion of certain mechanical and work-over procedures to enhance the production revenue from Swenson No. 1 Well. Those operations have failed.

6. Since the bankruptcy filing, the Debtor has had to shut in the Swenson No. 1 Well as part of its work-over procedures to increase production and in turn, provide sufficient revenue to fund the proposed plan of reorganization. However, due to

unexpected mechanical problems, and the continued depressed oil prices, the Swenson No. 1 Well cannot produce sufficient revenue for continued operations.

7. The Debtor can no longer operate and has no ability to fund administrative expenses or a plan of reorganization. Many of the creditors have filed liens against the Swenson No. 1 Well and have asserted their claims to the entire mineral estate owned by the working interest owners. Essentially, without production from the Swenson No. 1 Well, there are no unencumbered assets of the Debtor for payment of administrative expenses or unsecured claims. Accordingly, the Debtor believes that it is in the best interests of the creditors to dismiss this Chapter 11 case.

8. The Debtor contends that expedited consideration of this motion is appropriate to prevent further dimunition of the value of the Debtor's assets. The Debtor has conferred with the US Trustee who has advised the Dcbtor's counsel that they have no opposition to the relief requested so long as the Debtor complies with the monthly operating reports and agrees to pay the required quarterly fees by the time of the dismissal of the case. The proposed form of order will comply with the US Trustee request.

## LEGAL ARGUMENT AND AUTHORITIES

9. This Court has the explicit statutory authority to order a dismissal of this case. Pursuant to Section 305(a)(1) of the Code states that "[t]he court, after notice and a hearing, may dismiss a case under this title . . . at any time if – the interests of creditors and the debtor would be better served by such dismissal . . . ." 11 U.S.C. § 305(a)(1). Secondly, 11 U.S.C. § 105(a), working in tandem with §§ 305(a)(1) and 1112(b),

provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," 11 U.S.C. § 105(a).

10. Finally, § 1112(b)(1) of the Code provides that "'on request of a party in interest, and after notice and a hearing, the court shall . . . dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. § 1112(b)(1). "Cause" for purposes of § 1112(b) includes, inter alia, "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likihood of reorganization."

11. The continuing depression of oil and gas prices, together with the risks inherent in working over oil and gas wells to increase production to fund a plan, have resulted in the Debtor's inability to operate or to reorganize. Dismissal of the case is appropriate when there are no assets to administer for behalf of creditors.

**WHEREFORE, PREMISES CONSIDERED,** the Debtor respectfully prays that this Court dismiss this Chapter 11 case pursuant to 11 U.S.C. § 1112(b) ; and grant the Debtor any and all other relief to which the Debtor may show itself to be justly entitled.

Respectfully submitted this 11th day of August, 2016

                                      Respectfully submitted,

                                      **JAMES B. JAMESON & ASSOCIATES,**

                                      By: /s/ James B. Jameson
                                            James B. Jameson
                                            700 Louisiana, Suite 4545
                                            Houston, TX 77002

        (713) 807-1705 - Telephone
        (888) 231-0671 – Facsimile
        jbjameson@jamesonlaw.net

**CRAIG H. CAVALIER**
State Bar No. 04022075
5555 West Loop South, Suite 600
Bellaire, Texas 77401
(713) 621-4720 –Telephone
(713) 621-4779 – Fax
ccavalier@cavalierlaw.net

***ATTORNEY FOR DEBTOR***

### CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following party(ies) via electronic notice, facsimile or first-class mail on this 11TH day of August, 2016:

Office of U.S. Trustee
Attn: Ellen Hickman
515 Rusk, Ste 3401
Houston, TX 77002

ALL PARTIES ON THE OFFICIAL CREDITOR MAILING MATRIX ATTACHED HERETO.